UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY DEVIN O'BRYAN,

               Plaintiff,                      CIVIL ACTION NO. 05 CV 73226 DT

       v.                             DISTRICT JUDGE AVERN COHN

BUREAU OF PRISONS, *et al.*,         MAGISTRATE JUDGE VIRGINIA M. MORGAN

               Defendants.
_____/

**ORDER DENYING MOTIONS FOR APPOINTMENT
OF COUNSEL AND FOR EXTENSION OF TIME
AND RELIEVING APPOINTED COUNSEL OF HIS
OBLIGATION TO FURTHER REPRESENT PLAINTIFF**

**I.  Introduction**

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP).  In 2002, he

filed suit in the United States District Court for the Southern District of Illinois, the district in

which he was incarcerated at the time, against the BOP and various BOP officials, alleging that

they violated his right to freely practice his religion.  Plaintiff was subsequently transferred to

the Federal Correctional Institution in Milan, Michigan (FCI-Milan).  Pursuant to that transfer,

the District Court for the Southern District of Illinois transferred plaintiff's case to this district.

The matter now comes before the court on Plaintiff's Motion Requesting Appointment of

Substitute Counsel and Plaintiff's Motion for Enlargement of Time.  By the latter motion,

plaintiff seeks an order granting him 30 days following the appointment of counsel to file replies

to defendants' responses to plaintiff's pending motions to strike defendants' answer and for entry of a default judgment.

The facts of this case are set forth in the court's Report and Recommendation denying plaintiff's requests to strike defendants' answer and for entry of a default judgment and need not be rehashed here. Only those facts pertinent to the motions addressed in this order will be discussed below.

## II.  Discussion

The District Court for the Southern District of Illinois appointed counsel to represent plaintiff in this matter. Following the transfer of the case to this district, assigned counsel, Mark D. Bauman, wrote a letter to the clerk of the court indicating that his appointment to represent plaintiff pertained only to proceedings in the Southern District of Illinois, that he was not licensed to practice law in the State of Michigan, and that he had not been admitted to practice in the Eastern District of Michigan. He requested that he be relieved of any further obligation to represent plaintiff in the matter. To the extent an order is necessary to relieve Mr. Bauman of that obligation, it is so ordered.

Plaintiff now requests that he be appointed substitute counsel. He states in his motion that "[u]nder the principles of stare decisis, collateral estoppel, and res judicata, this Honorable Court need not conduct any inquiry as to whether justice requires the Court to request counsel to represent the Plaintiff, as that matter has been previously by a competent court, i.e., the United States District Court for the Southern District of Illinois." The court disagrees.

- 2 -

As the United States Court of Appeals for the Sixth Circuit stated <u>Lanier v. Bryant</u>, 332

F.3d 999, 1006 (6th Cir. 2003), "[t]he appointment of counsel in a civil proceeding is not a

constitutional right and is justified only in exceptional circumstances."  Among the factors a

court should consider in deciding whether to appoint counsel are "the type of case and the ability

of the plaintiff to represent himself."  <u>Id</u>. (citing <u>Archie v. Christian</u>, 812 F.2d 250, 253 (5th Cir.

1987)).

There are no exceptional circumstances warranting appointment of counsel in this case.

As explained in the court's report and recommendation, the bulk of plaintiff's claims have been

dismissed, and the remaining claims do not appear to be unusually complex, either as a matter of

fact or law.  As for plaintiff's contention that this court should appoint counsel because he had

counsel in the Southern District of Illinois, the court would note that the landscape of this

litigation has changed considerably since the appointment order was entered in that district.  At

the time counsel was appointed, there were multiple defendants in the case, many more claims,

and many threshold issues of law to decide, such as jurisdictional issues and questions of

immunity.  All of those preliminary issues have been decided, and plaintiff's claims for money

damages have been dismissed in their entirety, leaving him only with claims for declaratory and

injunctive relief against the BOP and defendant Charles Gilkey, the warden of the Federal

Correctional Institution at Greenville, Illinois, where plaintiff was formerly incarcerated.  Thus,

the case involves far fewer issues that it did when counsel was first appointed, and, as noted

above, the issues that remain are not particularly complex.  In any event, the fact that the District

Court for the Southern District of Illinois appointed counsel does not preclude this court from

revisiting the issue and rendering its own determination as to whether counsel should be appointed in this district.  For these reasons, plaintiff's request for appointment of substitute counsel is denied.  Further, the court's denial of plaintiff's request for appointment of counsel has effectively rendered moot his request for additional time to reply to defendants' responses to his motions to strike and for entry of a default judgment.

## IV. Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED**:

(1)     Plaintiff's Motion Requesting Appointment of Substitute Counsel is **DENIED**;

(2)     Plaintiff's Motion for Enlargement of Time is **DENIED**.

(3)     To the extent such an order is necessary, Mark D. Bauman, counsel appointed by the United States District Court for the Southern District of Illinois, is relieved of any further obligation to represent plaintiff in this matter.


                                                       s/Virginia M. Morgan
                                                      VIRGINIA M. MORGAN
Dated:   November 21, 2005                  UNITED STATES MAGISTRATE JUDGE


_____

## PROOF OF SERVICE

The undersigned certifies that the foregoing order was served upon Kerry O'Bryan and counsel of record via the Court's ECF System and/or U. S. Mail on November 21, 2005.

                                        s/J Hernandez
                                        Case Manager to
                                        Magistrate Judge Virginia M. Morgan