UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY DEVIN O'BRYAN,

                Plaintiff,                CIVIL ACTION NO. 05 CV 73226 DT

        v.                         DISTRICT JUDGE AVERN COHN

BUREAU OF PRISONS, *et al.*,          MAGISTRATE JUDGE VIRGINIA M. MORGAN

                Defendants.

_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP).  In 2002, he filed suit in the United States District Court for the Southern District of Illinois, the district in which he was then incarcerated, against the BOP and various BOP officials, alleging that they violated his constitutional right under the First Amendment to the free expression of his religion. Plaintiff was subsequently transferred to the Milan Federal Correctional Facility, Milan, Michigan ("FCI-Milan").  Pursuant to that transfer, the District Court for the Southern District of Illinois transferred plaintiff's case to this district.  The matter now comes before the court on Plaintiff's Motion to Strike Defendants' Answer to First Amended Complaint as Untimely Under Federal Rule of Civil Procedure 12 and Plaintiff's Motion for Entry of Default Pursuant to

- 1 -

Federal Rule of Civil Procedure 55.[1]  For the reasons stated below, the court recommends that the motions be denied.

## II.  Background

Plaintiff is a practitioner of "Wicca," a religion characterized by the United States Court of Appeals for the Seventh Circuit as "a polytheistic faith based on beliefs that prevailed in both the Old World and the New World before Christianity....  Its practices include the use of herbal magic and benign witchcraft."  O'Bryan v. Bureau of Prisons, 349 F.3d 399, 400 (7th Cir. 2003). Plaintiff filed a *pro se* action against the Bureau of Prisons, Charles Gilkey, the Warden of the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), and various other BOP officials, alleging, among other things, that BOP Program Statement No. 5360.08, which prevented the casting of spells, infringed upon his First Amendment right to freely exercise his religion and violated the provisions of the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb *et seq*.  At the time he filed suit, plaintiff was incarcerated at the Federal Correctional Institution in Pekin, Illinois ("FCI-Pekin") but the events that formed the basis of his complaint apparently occurred while he was incarcerated at FCI-Greenville.  Plaintiff sought monetary and other relief.

---

[1]Plaintiff's motion to strike, standing alone, is not a dispositive matter. Thus, it would be within the court's authority to issue an order disposing of the motion.  However, plaintiff's motion for entry of a default judgment is predicated upon his motion to strike. The court will thus treat plaintiff's requests to strike the answer and for entry of a default judgment as one motion and will issue a single report and recommendation addressing both.

The District Court for the Southern District of Illinois subsequently granted plaintiff's request for appointment of counsel, and the matter was litigated extensively in that court, as well as in the Seventh Circuit. Ultimately, on September 22, 2004, District Judge Michael J. Reagan entered an order dismissing the bulk of the claims alleged in plaintiff's first amended complaint. Notably, all of his claims for money damages were dismissed. The only claims that remained following entry of the order of dismissal were a claim under RFRA for "appropriate relief" against the BOP and a First Amendment *Bivens* claim for declaratory relief against the BOP and defendant Gilkey.

In the September 22, 2004 order, Judge Reagan also granted plaintiff's request for a preliminary injunction. During the pendency of the motions addressed in the order, plaintiff was transferred to the FCI-Milan. Accordingly, the preliminary injunction was directed to prison officials at that institution. The order provided as follows:

- Defendants are preliminarily enjoined from preventing O'Bryan from practicing his sincerely held Wiccan religious beliefs, including the casting of spells.

- Defendants shall permit O'Bryan to practice his Wiccan beliefs twice a week, allotting no less than 45 minutes for each session or service.

- If O'Bryan's lighting of incense or candles (part of the Wiccan ritual/service) is prohibited in inmates' cells at FCI-Milan, then prison officials should find a way to allow O'Bryan to perform his ritual outside his cell in an appropriate place.

- O'Bryan's motion seeks (and [Magistrate] Judge Frazier's Report recommends granting) only a preliminary injunction. Accordingly, this Court has granted only preliminary injunctive relief. This preliminary injunction shall remain in place until the Court resolves this case via final

- 3 -

adjudication of the merits (i.e., until further Order of Judgment by this Court).

In July, 2005, plaintiff, through his appointed counsel, filed a motion to reinstate the preliminary injunction, which had apparently expired or been terminated, and to have the case transferred to this district.  On August, 8, 2005, Judge Reagan entered an order granting plaintiff's request for a change of venue and denying his request to reinstate the preliminary injunction.  Regarding the latter, Judge Reagan stated the following:

> Having carefully considered the issue, the Court concludes that reinstatement of the preliminary injunction is not appropriate at this time.  The record does not reveal the current situation where O'Brien [sic] is housed (at FCI-Milan), and the prison policy he challenges was amended significantly in December 2004 (apparently the policy no longer prohibits the casting of spells). More importantly, the Court finds that it is most efficient and appropriate for the District Judge to whom this case will be transferred to conduct any hearing and determine whether preliminary injunctive relief now is warranted.

Upon transfer of the case to this district, the district court referred the matter to this court for all pretrial proceedings.  As noted above, the matter comes before on the court on plaintiff's motions to strike defendants' answer and for entry of a default judgment.  The court, having reviewed the motions, defendants' responses, and the pertinent portions of the record, has determined that oral argument on the motions is not necessary.

### III.  Discussion

Plaintiff filed his original complaint on January 3, 2002.  He was subsequently granted leave to file a first amended complaint.  Plaintiff filed the amended complaint on February 4, 2004.  In lieu of an answer, defendants filed a motion to dismiss the complaint.  On September

- 4 -

22, 2004, Judge Reagan entered an order granting the motion in part and denying it part. Federal Rule of Civil Procedure 12(a)(4)(A) provides that where a motion to dismiss is filed in lieu of an answer and the motion is denied, either partially or in its entirety, the defendant must file an answer within 10 days of receiving notice of the disposition of the motion. Defendants did not file an answer to the amended complaint until September 28, 2005, well-after the expiration of the 10-day time limit. Plaintiff requests that defendants' answer be stricken pursuant to Fed. R. Civ. P. 12(f) based upon the untimely filing and that a default judgment be entered in his favor.

While there is no question that defendants did not comply with the provisions of Rule 12 with respect to the filing of their answer, their error appears to have been a simple mistake, not a means to obtain some tactical advantage over plaintiff, and, more importantly plaintiff has not shown, nor even argued, that he has suffered any prejudice as a result of the untimely filing. Accordingly, plaintiff's request that defendants' answer be stricken is denied.

Based upon the denial of that request, there is no basis for entry of a default judgment. See, e.g., Barker v. Dornfield, 911 F.2d 276 (Table), 1990 WL 212573 (6th Cir.(Ky.))("'[A] district judge has a broad discretion in choosing a penalty for a procedural default and does not abuse it by refusing to enter a default judgment where...the default was inadvertent and caused no convenience, delay, expense, or other harm to the plaintiff.'" (quoting McGuiness v. United States Postal Serv., 744 F.2d 1318, 1323 (7th Cir. 1984)). The court notes, in addition to the above, that the Government has actively litigated this case since its inception. Given the lack of prejudice to plaintiff and the Government's full involvement in this case, it would be wholly inappropriate to enter a default judgment in plaintiff's favor based solely upon the Government's

untimely filing of its answer. The court finds plaintiff's request for entry of a default judgment to be patently frivolous.

Further, the court recommends that the district court *sua sponte* dismiss defendant Gilkey from this matter. As noted above, per Judge Reagan's December 22, 2004 order, the only remaining claim against defendant Gilkey, the warden of FCI-Greenville, is a First Amendment *Bivens* claim for declaratory relief. Plaintiff is no longer incarcerated at FCI-Greenville, and has not been since at least 2001. Thus, his claim for declaratory relief against defendant Gilkey is plainly moot. See, e.g., Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996)(inmate's request for declaratory and injunctive relief on claims alleging that prison officials improperly opened his legal mail rendered moot by transfer of inmate from facility where mail was opened); Becker v. Montgomery, 42 Fed.Appx 914, 915 (6th Cir. 2002)("A prisoner's request for injunctive and declaratory relief from prison officials s moot upon his transfer to a different facility").

## IV.  Conclusion

For the reasons stated above, the court recommends that plaintiff's motion to strike defendants' answer and his motion for entry of a default judgment be **DENIED** and that plaintiff's claim for declaratory relief against defendant Gilkey be dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

 

 

s/Virginia M. Morgan
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated:  November 21, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon Kerry O'Bryan and counsel of record via the Court's ECF System and/or U. S. Mail on November 21, 2005.

s/J Hernandez
Case Manager to
Magistrate Judge Virginia M. Morgan